## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

```
-----------------------------------------------x
In re:                                         :
                                               :    Chapter 11
NORTHWESTERN CORPORATION,                       :
                                               :    Case No. 03-12872 (CGC)
            Debtor.                             :
-----------------------------------------------:
MAGTEN ASSET MANAGEMENT                         :
CORP.                                          :
                                               :
            Appellant,                          :    Civil Action No. 04-1279 (JJF)
                                               :
      v.                                       :
                                               :
PAUL HASTINGS JANOFSKY &                         :
WALKER LLP,                                     :
                                               :
            Appellee.                           :
-----------------------------------------------x
```

### APPENDIX TO
### PAUL, HASTINGS, JANOFSKY & WALKER LLP'S
### BRIEF IN OPPOSITION TO APPEAL FROM
### ORDER DENYING MOTION TO DISQUALIFY

MORRIS, NICHOLS, ARSHT &
  TUNNELL
Robert J. Dehney, Esq. (No. 3578)
Curtis S. Miller, Esq. (No. 4583)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

*Of Counsel:*
DAVIS POLK & WARDWELL
Dennis E. Glazer, Esq.
D. Scott Tucker, Esq.
Catherine Lifeso, Esq.
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

## TABLE OF CONTENTS

PAGE

Application for Order Pursuant to 11 U.S.C. §§ 327(a)
and 328(a) and Fed. R. Bankr. P. 2014(a) Authorizing
the Employment and Retention of Paul, Hastings,
Janofsky & Walker LLP as Attorneys for the Debtor...........................A1000-1064

Order Authorizing the Employment of Paul, Hastings,
Janofsky & Walker LLP as Attorneys for the Debtor...........................A1065-1066

Supplemental Affidavit of Jesse H. Austin, III
in Connection with Paul, Hastings, Janofsky &
Walker LLP's Employment as Attorneys for Debtor
and Debtor-in-Possession.................................................................A1067-1071

Second Supplemental Affidavit of Jesse H. Austin, III
in Connection with Paul, Hastings, Janofsky &
Walker LLP's Employment as Attorneys for Debtor
and Debtor-in-Possession.................................................................A1072-1078

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (PJW) |
| | : | |
| Debtor. | : | Hearing Date: October 15, 2003 @ 2:30 p.m |
| | : | Objection Deadline: October 8, 2003 @ 4:00 .p.m |

**APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a)
AND FED. R. BANKR. P. 2014(a) AUTHORIZING THE EMPLOYMENT
AND RETENTION OF PAUL, HASTINGS, JANOFSKY & WALKER LLP
AS ATTORNEYS FOR THE DEBTOR**

NorthWestern Corporation, a Delaware corporation ("NOR" or the "Debtor"), for

its Application (the "Application"), pursuant to §§ 327(a) and 328(a) of Title 11 of the

United States Code (the "Bankruptcy Code") and Rule 2104(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing the

retention and employment of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings" or

the "Firm") as attorneys for the Debtor effective as of the date of commencement of this

Chapter 11 case, respectfully states as follows:[1]

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

Venue of this Chapter 11 case and this Application are proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409.

---

[1]      The facts and circumstances supporting this Application are set forth in the affidavit of Jesse H.
Austin III (the "Austin Affidavit") in support of this Application annexed hereto as Exhibit A.

## BACKGROUND

### A.    Commencement of the Chapter 11 Case

2.    On September 14, 2003, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses and manage its properties as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.    No request has been made for the appointment of a trustee or examiner in this case and no official committee of unsecured creditors has yet been appointed by the Office of the United States Trustee.

### B.    Background of the Debtor

4.    NOR is a publicly traded Delaware corporation which was incorporated in 1923. NOR and its direct and indirect nondebtor energy subsidiaries comprise one of the largest providers of electricity and natural gas in the upper Midwest and Northwest regions of the United States, serving approximately 598,000 customers throughout Montana, South Dakota and Nebraska.[2]

### RELIEF REQUESTED

5.    The Debtor seeks to retain and employ Paul Hastings as its counsel in connection with the commencement and prosecution of this Chapter 11 case and all related matters, effective as of the Petition Date. Accordingly, the Debtor respectfully requests that the Court enter an order, pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), authorizing the Debtor to retain and employ Paul

---

[2]    For a more extensive overview, please see Affidavit of William M. Austin in Support of First Day Motions.

A1001

Hastings as its attorneys to perform the extensive legal services that will be necessary during this Chapter 11 case.

      6.      The Debtor seeks to retain Paul Hastings as its attorneys because the Firm has extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code, and extensive expertise, experience and knowledge practicing before bankruptcy courts (including this Court). Additionally, Paul Hastings has experience representing the Debtor before the Petition Date and, as a result of its prior representations of the Debtor and in preparing for this case, Paul Hastings has become familiar with the Debtor's businesses and affairs and many of the potential legal issues that may arise in the context of this Chapter 11 case. Accordingly, the Debtor believes that Paul Hastings is both well qualified and uniquely able to represent it in an efficient and timely manner.

<u>FEE APPLICATIONS</u>

      7.      The Firm intends to apply for compensation for professional services rendered in connection with this Chapter 11 case, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), applicable United States Trustee Guidelines and orders of this Court, on an hourly basis plus reimbursement of actual, necessary expenses and other charges that the Firm incurs. Paul Hastings will charge the Debtor hourly rates consistent with the rates Paul Hastings charges in bankruptcy and non-bankruptcy matters of this type. Pursuant to § 328(a) of the Bankruptcy Code, the Debtor may retain Paul Hastings on any reasonable terms and conditions. The Debtor submits that the most reasonable terms and conditions are those charged by Paul Hastings

A1002

to the Debtor and other clients on a daily basis in the competitive market for legal services.

8.    The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged in non-bankruptcy matters of this type. Paul Hastings will comply with applicable notice and provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, United States Trustee Guidelines and orders of this Court as and when such periodic adjustments are made.

9.    It is Paul Hastings' policy to charge its clients in all areas of practice for all expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. The Firm will charge the Debtor for these expenses in a manner and at rates consistent with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, United States Trustee Guidelines and orders of this Court.

## SCOPE OF SERVICES

10.    The professional services that Paul Hastings will render to the Debtor may include, but shall not be limited to, the following:

      a.    advise the Debtor with respect to its powers and duties as a debtor in possession in the continued management and operation of its businesses and properties;

4

A1003

    b.    attend meetings and negotiate with representatives of creditors and other parties in interest;

    c.    take all necessary action to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor and representing the Debtor's interests in negotiations concerning all litigation in which the Debtor is involved, including, but not limited to, objections to claims filed against the estate;

    d.    prepare, on the Debtor's behalf, all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

    e.    negotiate and prepare on the Debtor's behalf a plan of reorganization, disclosure statement, and all related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

    f.    represent the Debtor in connection with obtaining post-petition financings;

    g.    advise the Debtor in connection with any potential sale of assets;

    h.    appear before this Court, any appellate courts and the United States Trustee and protect the interests of the Debtor's estate before those Courts and the United States Trustee;

    i.    consult with the Debtor regarding regulatory matters with respect to its energy business and represent the Debtor in associated administrative proceedings;

    j.    consult with the Debtor regarding tax matters; and

    k.    perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with the Chapter 11 case.

## DISINTERESTEDNESS

11.    To the best of the Debtor's knowledge and, except as disclosed in the

Austin Affidavit, Paul Hastings has not represented the Debtor's creditors, equity security

holders, or any other parties-in-interest, or their respective attorneys and accountants, the

United States Trustee or any person employed in the office of the United States Trustee

A1004

in any matter relating to the Debtor or its estates. Paul Hastings' prior representation of the Debtor is disclosed in the Austin Affidavit. The Debtor submits that Paul Hastings' representation of it is permissible under § 327 of the Bankruptcy Code and is in the best interests of all creditors of the Debtor's estate.

12.     The Debtor desires to retain Paul Hastings under the arrangement set forth in the Austin Affidavit because of the extensive legal services that may be required in this large and complex Chapter 11 case, the full nature and extent of which is not known at this time. To the best of the Debtor's knowledge, Paul Hastings does not hold or represent any interest adverse to the Debtor's estate. Paul Hastings is a "disinterested person," as that phrase is defined in § 101(14) of the Bankruptcy Code, and Paul Hastings' employment is necessary and in the best interests of the Debtor and the Debtor's estate.

**PRIOR SERVICES**

13.     To date, Paul Hastings has received certain amounts (as set forth in the Austin Affidavit) from the Debtor as compensation for professional services performed relating to potential restructuring of the Debtor's financial obligations and preparation for the commencement and prosecution of this Chapter 11 case and for the reimbursement of reasonable and necessary expenses incurred in connection therewith. The payments received by Paul Hastings were paid from the Debtor's operating funds on an ongoing basis for the Firm's pre-petition services rendered to the Petition Date.

14.     None of the payments to Paul Hastings prior to the Petition Date constitute voidable preferential transfers pursuant to § 547 of the Bankruptcy Code. Indeed, all payments to Paul Hastings were made in a time and manner consistent with the ordinary

A1005

payment practice between the Debtor and Paul Hastings and not on account of antecedent debt.

15.    The Debtor understands that Paul Hastings intends to apply to the Court for allowances of compensation and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, United States Trustee Guidelines and orders of this Court for all services performed and expenses incurred after the Petition Date.

## NOTICE

16.    Notice of this Application has been given to (i) the Office of the United States Trustee, (ii) counsel for the Debtor's Pre-Petition Lenders; (iii) counsel for the Debtor's proposed Post-Petition Lenders; (iv) counsel for the Informal Committee, (v) the 20 largest unsecured non-insider creditors; (vi) the Securities and Exchange Commission; (vii) the Federal Energy Regulatory Commission; (viii) the Montana Public Service Commission; (ix) the South Dakota Public Utilities Commission; and (x) the Nebraska Public Service Commission.  The Debtor respectfully submits that such notice is sufficient, and requests that this Court find that no further notice of the relief requested herein is required.

## PRIOR RELIEF

17.    No previous application for the relief herein requested has been made to this or any other Court.

[CONTINUED ON NEXT PAGE]

A1006

WHEREFORE, the Debtor respectfully requests that the Court enter an order, in the form annexed hereto, authorizing the Debtor to retain and employ Paul Hastings as attorneys for the Debtor and granting such further relief as is just and proper.

Dated: September ___, 2003          NORTHWESTERN CORPORATION


By: ___ /s/ William M. Austin
          William M. Austin
          Chief Restructuring Officer

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 (PJW) |
| Debtor. | : | |

**AFFIDAVIT OF JESSE H. AUSTIN III**
**IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN**
**PAUL, HASTINGS, JANOFSKY & WALKER LLP AS**
**ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION**

I, Jesse H. Austin III, being duly sworn, hereby depose and say as follows:

1.     I am a member of the firm of Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings" or the "Firm") which maintains offices for the practice of law at 600 Peachtree Street, Atlanta, Georgia 30308. I am admitted to the practice of law in Georgia, the United States District Court for the Northern and Southern Districts of Georgia and the Northern District of Texas, and the 11th Circuit United States Court of Appeals. This affidavit is submitted in support of the application (the "Application") of the debtor and debtor-in-possession (the "Debtor") in the above-captioned Chapter 11 case for the entry of an order, pursuant to §§ 327(a) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing the retention and employment of Paul Hasting as attorneys for the Debtor and to provide the disclosures required under § 329 of the Bankruptcy Code, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the rules of this Court. Unless otherwise stated in this affidavit, I have personal knowledge of the facts set forth herein.

## DISINTERESTEDNESS

2.   Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither Paul Hastings, nor any member of, associate or counsel to Paul Hastings, insofar as I have been able to ascertain, has any connection with the above-captioned Debtor, its creditors or any other parties-in-interest, and the United States Trustee or any person employed in the office of the United States Trustee, except as disclosed or as otherwise described herein.

3.   To the best of my knowledge, information and belief, Paul Hastings is a "disinterested person," as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, in that Paul Hastings, its members, counsel and associates:

a.   are not creditors, equity security holders or insiders of the Debtor;

b.   are not and were not investment bankers for any outstanding security of the Debtor;

c.   have not been, within three years before the date of the filing of the Debtor's Chapter 11 case, (i) investment bankers for a security of the Debtor, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor;

d.   are not and were not, within two years before the commencement of the above-captioned Chapter 11 case (the "Petition Date"), a director, officer, or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

e.   do not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor as an investment banker referred to above or for any other reason.

-2-

4.    I am not related, and, to the best of my knowledge, information and belief, no attorney at the Firm is related, to any United States Bankruptcy Judge in this District or to the United States Trustee for such district or any employee thereof.

5.    Beginning in April 2003, the Debtor expanded Paul Hastings' then-existing engagement to advise it regarding strategic alternatives and financial restructuring and bankruptcy matters. Subsequently, on or about August 1, 2003, and even though no decision had been made at that time to seek relief under Title 11, the Debtor requested that Paul Hastings begin preparing initial motions, applications, and affidavits related to this Chapter 11 case. Paul Hastings represents and has represented the Debtor and certain of its affiliated non-debtor entities in other non-bankruptcy related matters, as described in further detail herein.

6.    The Firm and certain of its members, counsel and associates may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest of the Debtor in connection with matters unrelated to the Debtor and this Chapter 11 case.

7.    Paul Hastings has conducted a computerized search of the relevant parties to the Debtor as identified by the Debtor, all as listed in Exhibits A(i) through A(xiii) annexed hereto. Such exhibits list the following entities:

(i)    Subsidiaries and affiliates (as defined in 11 U.S.C. § 101(2));

(ii)    Current directors and officers;

(iii)    Former directors and officers in the last two years;

-3-

A1010

(iv)      All unsecured creditors;

(v)      Shareholders and equity holders of the Debtor holding shares in excess of 5%;

(vi)      Parties to significant actual or known potential litigation;

(vii)      Secured lenders and lienholders;

(viii)      Significant professionals;

(ix)      Investment bankers for the Debtor during the last three years;

(x)      Parties to significant contracts and leases with the Debtor;

(xi)      Insurers;

(xii)      Indenture Trustees; and

(xiii)      Other significant relationships.

8.      The computerized search involved a comparison of all of the relevant parties listed in Exhibits A(i) through A(xiii) against Paul Hastings' extensive master client database compiled from its conflicts clearance and billing records. This database contains names of the entities on behalf of which any attorney of the Firm has charged time. The database includes the name of each current or former client of the Firm, parties who are or were related or adverse to such current or former client, and the names of the Paul Hastings' attorneys who are or were responsible for current or former matters for such client.

9.      In addition, an e-mail was sent to all attorneys of the Firm requesting that each recipient advise whether (i) any such individual or immediate family member holds

-4-

A1011

any claims against, or stock of, the Debtor, (ii) any such individuals were ever employed by the Debtor or an investment banker of the Debtor, or (iii) whether any relative of such individual (within the meaning of 11 U.S.C. § 101(45) is an employee, officer or director of the Debtor. No positive responses were received from any attorneys at Paul Hastings with respect to the foregoing e-mail request.

10.    The information listed on the annexed exhibits may have changed without Paul Hastings' knowledge and may change during the pendency of this Chapter 11 case. Paul Hastings will update this affidavit when necessary and when it becomes aware of material information. Although not relevant in concluding that Paul Hastings is "disinterested," in an abundance of caution, listed on Exhibit B annexed hereto are the results of Paul Hastings' conflicts searches of the above listed entities. Paul Hastings will not represent any of the parties listed on Exhibit B hereto in the Debtor's bankruptcy case.

11.    To the best of my knowledge and information, the fees for each of the last twelve (12) months paid to Paul Hastings by each of the entities listed on the annexed Exhibits A(i) through A(xiii) did not exceed 2% of gross revenue of Paul Hastings, with the exceptions of Wells Fargo Bank N.A. and its affiliates and General Electric Company and its affiliates. The Firm does a significant amount of work for Wells Fargo Bank N.A. and its affiliates in financial services, litigation, real estate, tax and estate planning. With respect to General Electric Company and its affiliates, including General Electric Capital Corporation, the Firm provides a wide variety of legal services including financial services, debt restructuring, bankruptcy, corporate finance, litigation, employment law

-5-

and real estate. Paul Hastings will not represent such entities in any matters in the Debtor's Chapter 11 case.

12.    The Debtor is contemplating entering into a debtor-in-possession financing facility (the "DIP Facility"), with Bank One, N.A. ("Bank One") as the DIP lender. Affiliates of Bank One are inactive clients of Paul Hastings. Paul Hastings presently has no active matters for Bank One or any of its affiliates. Bank One is being represented by Skadden, Arps, Slate, Meagher & Flom LLP in connection with the DIP Facility.

13.    Certain transactional attorneys in Paul Hastings have represented the Debtor in corporate matters from late 2001 to the present, including assisting the Debtor in preparing offering documents in connection with certain debt and equity offering in 2002 and associated filings with the Securities & Exchange Commission ("SEC"), assisting the Debtor in the preparation of annual and quarterly SEC filings, assisting the Debtor in connection with the acquisition and disposition of assets and advising and counseling Debtor with respect to general corporate matters and the Sarbanes-Oxley Act of 2002 (collectively the "Corporate Matters").

14.    Paul Hastings also represents NorthWestern Corporation in certain securities litigation including: (a) the consolidated securities class actions entitled In re NorthWestern Corporation Securities Litigation, filed in the federal District Court in South Dakota (Case No. 03-4049), and any related, subsequently filed actions; (b) the securities class actions originally filed in the Southern District of New York, including Laufer v. Lewis, et al. (Case No. 03-CV-3716) (now consolidated with In re

-6-

<u>NorthWestern Corporation Securities Litigation</u>, Case No. 03-4049 in the District of South Dakota), and <u>Golman Family Trust v. NorthWestern Corporation, et al.</u> (Case No. 03-CV-3223), as well as any related, subsequently filed actions; (c) the shareholder derivative actions filed in the federal District Court in South Dakota, consolidated as <u>In re NorthWestern Corporation Derivative Litigation</u> (Case No. 03-4091) as well as any related, subsequently filed actions; and (d) as local counsel, the securities class actions filed against CornerStone Propane Partners, L.P. ("Cornerstone") and other defendants in the federal District Court for the Northern District of California, and the shareholder derivative suits against CornerStone and other defendants in the Superior Court of California County of Santa Cruz, as well as any related, subsequently filed class actions or derivative actions (collectively the "Securities Litigation"). Prior to the commencement of this bankruptcy case, Paul Hastings also represented certain current and former officers of the Debtor ("Officers") in connection with the Securities Litigation. As of September 12, 2003, Paul Hastings ceased representation of the Officers and presently only represents NorthWestern Corporation.

15.    Paul Hastings also represents NorthWestern Corporation in connection with an employment arbitration in <u>Richard Hylland v. NorthWestern Corp.</u>, American Arbitration Association Case No. 65 166 0028503 (the "Hylland Arbitration").

16.    The Corporate Matters may in the future be at issue in the Securities Litigation and/or the Hylland Arbitration and one or more Paul Hastings attorneys may be called as a witness in the Securities Litigation or the Hylland Arbitration. No Paul

-7-

A1014

Hastings attorneys involved in the Corporate Matters will represent the Debtor as an advocate in the Securities Litigation or the Hylland Arbitration.

17.    Further, with respect to the Securities Litigation, one party has commented orally that it might add Paul Hastings as an additional defendant. Paul Hastings views this comment as merely a strategic tactic, and does not consider that any such claim would have merit.

18.    Paul Hastings represents the Debtor and Clark Fork and Blackfoot, LLC, a wholly-owned subsidiary of the Debtor, in an action entitled <u>McGreevey v. Montana Power Company, et al.</u>, (Case No. CV-03-01-BU-SHE) pending in United States District Court for the District of Montana which is related to facts and occurrences which arose prior to Paul Hastings' representing the Debtor with respect to the Corporate Matters.

19.    Paul Hastings has represented Expanets, Inc., a wholly-owned fourth tier subsidiary of the Debtor, in connection with various corporate transactions. Expanets, Inc. currently owes Paul Hastings $554,643.21, which is solely the obligation of Expanets, Inc.

20.    Paul Hastings represents Cornerstone Propane Partners, L.P., Cornerstone Propane GP, Inc. and Cornerstone Propane, LP (collectively "Cornerstone") former affiliates of the Debtor, in an employment arbitration. Cornerstone is solely responsible for Paul Hastings' fees.

21.    AON Risk Services, Inc. ("AON") is Paul Hastings' insurance broker for certain of Paul Hastings' insurance including its errors and omissions policy. AON Risk

-8-

A1015

Services of Minnesota and Financial Services, Inc. is listed on Exhibit A(xi) as one of the Debtor's insurers, and is an affiliate of AON.

22.    Paul Hastings represented Gary Drook and members of his family on a pro bono basis in contributing stock of First Farmers Bank to the Quad County Medical Clinic, Inc., a charitable organization, to assist the Quad County Medical Clinic to build and establish a medical clinic to provide medical services to the Converse, Indiana area. Paul Hastings also worked with the Quad County Medical Clinic to identify potential sources of governmental funds to build and support the operations of the clinic. The representation has concluded.

23.    Thomas Knapp, who is the Vice President and Deputy General Counsel of NorthWestern Corporation, was an employee of Paul Hastings as an of counsel attorney in 1996 and from 1999 through March 2002. Since March 2002, he has not been an employee of Paul Hastings.

24.    Contemporaneously herewith, the Debtor has filed applications for the authority to employ certain other professionals, including other law firms. To the extent issues may rise which would cause the Debtor to be adverse to any of Paul Hastings' clients such that it would not be appropriate for Paul Hastings to represent the Debtor with respect to such matters, such firms or another law firm will be retained to represent the Debtor with respect to such matters.

25.    In accordance with Bankruptcy Code § 327(a), I respectfully submit that none of the representations detailed above and in the exhibits annexed hereto are materially adverse to the interests of the estate or any class of creditors or equity security

ATL/967162.11

A1016

holders and would preclude Paul Hastings' representation of the Debtor. Moreover,
pursuant to § 327(c) of the Bankruptcy Code, Paul Hastings is not disqualified from
acting as the Debtor's counsel merely because it represents creditors in unrelated matters.

    26.    Paul Hastings will periodically review its files during the pendency of this
Chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or
arise. If any new relevant facts or relationships are discovered or arise, Paul Hastings
will use reasonable efforts to identify such further developments and will promptly file a
supplemental affidavit in accordance with Rule 2014(a) of the Bankruptcy Rules.

### SCOPE OF SERVICES

    27.    The professional services that Paul Hastings will render to the Debtor may
include, but shall not be limited to, the following:

        a.    advise the Debtor with respect to its powers and duties as a debtor-in-possession in the continued management and operation of its businesses and properties;

        b.    attend meetings and negotiate with representatives of creditors and other parties in interest;

        c.    take all necessary action to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor and representing the Debtor's interests in negotiations concerning all litigation in which the Debtor is involved, including, but not limited to, objections to claims filed against the estate;

-10-

d.  prepare on Debtor's behalf all motions, applications, answers, orders, reports, and papers necessary to the administration of the estate;

e.  negotiate and prepare on the Debtor's behalf a plan of reorganization, disclosure statement, and all related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

f.  represent the Debtor in connection with obtaining the DIP Facility and possibly exit financing;

g.  represent the Debtor in connection with any ongoing Securities Exchange Commission investigation;

h.  advise the Debtor in connection with any potential sale of assets;

i.  appear before this Court, any appellate courts and the United States Trustee and protect the interests of the Debtor's estate before those Courts and the United States Trustee;

j.  consult with the Debtor regarding regulatory matters with respect to its energy business and represent the Debtor in associated administrative proceedings;

k.  consult with the Debtor regarding tax matters; and

l.  perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with the Chapter 11 case.

-11-

A1018

## PROFESSIONAL COMPENSATION

28.    Over the last year, Paul Hastings has been paid approximately

$1,912,263.58 related to the restructuring and preparation of the Chapter 11 filing.

Within ninety (90) days of the Petition Date, Paul Hastings received $8,292,864.14 in

payments[1] for all matters in which Paul Hastings represents the Debtor. Attached as

Exhibit C is a summary of such payments detailing the billing period, billing date,

payment date and amount received.

29.    On September 12, 2003, Paul Hastings received a payment of $475,000.00

(the "Payment") for posted and estimated professional fees and disbursements incurred

for the period September 11, 2003 through the Petition Date (the "Estimated Pre-Petition

Bill"). Prior to filing the Debtor's petition, Paul Hastings applied the Payment to the

Estimated Pre-Petition Bill. Paul Hastings will promptly issue a final billing statement

(the "Final Pre-Petition Bill") for actual fees and disbursements for the period covered by

the Estimated Pre-Petition Bill once all fees and disbursements accrued prior to the filing

have been finally posted. If the Payment is in excess of the Final Pre-Petition Bill, Paul

Hastings will hold the excess as a retainer in contemplation of services to be rendered by

Paul Hastings. Paul Hastings has also received an advance payment retainer of

$500,000.00 for its post-petition services and expenses to be rendered or incurred for, or

on behalf of, the Debtor. Paul Hastings has not shared or agreed to share its

compensation with any other entity. The information set forth in this paragraph

-12-

A1019

represents Paul Hastings' best estimates of its pre-petition charges and retainer amounts as of the date hereof.

## FEE APPLICATIONS

30.     The Firm intends to apply for compensation for professional services rendered in connection with this Chapter 11 case subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Local Rules, and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that the Firm incurs. Paul Hastings will charge hourly rates to the Debtor that are consistent with the rates charged by Paul Hastings in bankruptcy and non-bankruptcy matters of this type. Subject to periodic adjustments to reflect economic and other conditions, Paul Hastings' hourly rates are:

| | |
|---|---|
| Partners | $395-710 |
| Of Counsel | $355-620 |
| Associates | $200-455 |
| Paralegals/Clerks | $55-215 |

31.     The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by the Firm from time to time. It is the Firm's policy to charge its clients in all areas of practice for expenses incurred in connection with the clients' cases.

---

(...continued)

[1] This amount includes the $500,000.00 retainer and the $475,000.00 Payment, which are
(continued...)

-13-

A1020

The expenses charged to clients include, among other things, telephone and telecopier tolls, mail and express mail charges, special or hand delivery charges, photocopying charges, travel expenses, expenses for "working meals," computerized research and transcription costs, as well as non-ordinary overhead expenses such as secretarial overtime.

32.     No promises have been received by either the Firm or any member, counsel or associate or other employee thereof as to compensation in connection with this Chapter 11 case other than in accordance with the provisions of the Bankruptcy Code. Paul Hastings has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this Chapter 11 case.

33.     Paul Hastings further states pursuant to Bankruptcy Rule 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of Paul Hastings, or (b) any compensation another person or party has received or may receive.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

(...continued)
described in Paragraph 29.

ATL/967162.11

A1021

Executed this _____ day of September, 2003.


/s/ Jesse H. Austin
Jesse H. Austin III
Paul, Hastings, Janofsky & Walker LLP
600 Peachtree Street, N.W., Suite 2400
Atlanta, GA 30308
Telephone: (404) 815-2400
Facsimile: (404) 815-2424

Subscribed and sworn to before me
this _____ day of September 2003.


_____
Notary Public
My Commission Expires:

-15-

A1022

EXHIBIT A(i)

Debtor's Non-Debtor Subsidiaries and Affiliates
(as defined in 11 U.S.C. § 101(2))

1.     Blue Dot Services Inc.

2.     Canadian-Montana Pipe Line Company

3.     Coast Energy Capital Corp.

4.     Clark Fork and Blackfoot, L.L.C.

5.     Colstrip Community Services Company

6.     Discovery Energy Solutions, Inc.

7.     Expanets, Inc.

8.     Grant, Inc.

9.     LNSI, Inc.

10.    Montana Megawatts I, LLC

11.    Montana Power Services Company

12.    Nekota Resources, Inc.

13.    NORCOM Advanced Technologies, Inc.

14.    NorthWestern Capital Corporation

15.    NorthWestern Capital Ventures, LLC

16.    NorthWestern Energy Corporation

17.    NorthWestern Energy Development, LLC

18.    NorthWestern Energy Marketing, LLC

19.    NorthWestern Generation I, LLC

A(i)-1

20. NorthWestern Growth Corporation

21. NorthWestern Montana First Megawatts, LLC

22. NorthWestern Networks, Inc.

23. NorthWestern Services Corporation

24. NorthWestern Services Group, Inc.

25. NorthWestern Systems, Inc.

26. Risk Partners Assurance, Ltd.

27. SYN Inc.

ATL/967162.11

A1024

## EXHIBIT A(ii)

### Current Directors and Officers

1.   A. M. Harpell

2.   Alan D. Dietrich

3.   Bart Thielbar

4.   Bobbi Schroeppel

5.   Bruce I. Smith

6.   Christopher J. Younger

7.   Christy Weiner

8.   Daniel K. Newell

9.   Daniel L. Rausch

10.  David A. Monaghan

11.  Dennis Lopach

12.  Eric R. Jacobsen

13.  Ernest J. Kindt

14.  Frank Pronesti

15.  G. Mark Mickelson

16.  Gary G. Drook

17.  Glen R. Herr

A(ii)-1

A1025

18. Gregory Trandem

19. Jana Quam

20. Jerry W. Johnson

21. Jim Sengenberger

22. John C. Charters

23. John Cosgrove

24. John R. Van Camp

25. John Wiese

26. Larry F. Ness

27. Lawrence J. Ramaekers

28. Lonnie Clark

29. Marilyn R. Seymann

30. Mark D. Snider

31. Marty Hackett

32. Marty Snella

33. Maurice Worsfold

34. Michael DeVoe

35. Michael J. Hanson

A(ii)-2

36.  Michael J. Young

37.  Michele M. Voecks

38.  Mike Hanson

39.  Mike Valente

40.  Randy G. Darcy

41.  Reggie Vegliante

42.  Robert E. Kennedy

43.  Theodore Ferrara

44.  Timothy Atkinson

45.  Vel Johnson

46.  William A. Pascoe

47.  William M. Austin[*]

---

[*] William M. Austin is not a relative of Jesse H. Austin III.

A(ii)-3

ATL/967162.11

## EXHIBIT A(iii)

### Former Directors and Officers In Last 2 Years

1.   John C. Charters

2.   Kipp Orme

3.   Kurt Whitesell

4.   Lionel Nowell

5.   Merle Lewis

6.   Mike Childers

7.   Paul Wyche

8.   Richard Hylland

9.   Trey Bradley

A(iii)-1

A1028

## EXHIBIT A(iv)

### All Unsecured Creditors

This exhibit is presented separately because of its voluminous nature.

A(iv)-1

## EXHIBIT A(v)

### Shareholders and Equity Holders

The Debtor has advised Paul Hastings that there are no persons known to the Debtor who own more than 5% of the outstanding shares of Common Stock.

A(v)-1

ATL/967162.11

A1030

### EXHIBIT A(vi)

#### Parties to Significant Actual or Known Potential Litigation

| Plaintiffs | Defendants |
|---|---|
| | 1) A.G. Edwards Investment Management Consulting Services, Inc. |
| 1) Alan Stevens | |
| 2) Arthur Laufer | 2) Alan F. Cain |
| 3) Betty Stewart (Derivatively for NOR) | 3) BBI Power Corp. |
| 4) Caman Investments, Inc. | 4) Bruce I. Smith |
| 5) Carpenters Pension Trust for Southern California | 5) Carl Lehrkind, III |
| 6) Charles Porter | 6) CES Acquisition Corp. |
| 7) David C. Garrick | 7) Charles J. Kittrell |
| 8) Deryl Lusty (Derivatively for NOR) | 8) Coast Gas, Inc. |
| 9) Donnie Sanders | 9) CornerStone Propane GP, Inc. |
| 10) Emad Najafi | 10) CornerStone Propane Partners, L.P. |
| | 11) Credit Suisse First Boston Corporation |
| 11) Erika Goldstein | |
| | 12) Crowley, Haughey, Hanson, Toole & Dietrich, PLLP |
| 12) Grace J. Mitchell | |
| 13) Harriet Goldstein | 13) Daniel K. Newell |
| 14) James Dudley | 14) David A. Monaghan |
| 15) James J. Ryan | 15) Deborah D. McWhinney |
| 16) Jerald Stewart (Derivatively for NOR) | 16) Ellen M. Senechal |
| 17) JoAnne Barkell | 17) Eric R. Jacobsen |
| 18) John Gallander | 18) Gary G. Drook |
| 19) John LaGalante | 19) Goldman Sachs & Co. |
| 20) John M. Bown, III | 20) Goldman Sachs Group Inc. |
| 21) Joseph Martelli | 21) J. P. (Jerrold) Pederson |
| 22) Kim Moran | 22) Jerry W. Johnson |
| | 23) John and Jane Does 1 -15 (third party only) |
| 23) Lawrence A. Lombardo | |
| 24) Leonard S. Mewhinney, Jr. | 24) John C. Charters |
| 25) Margaret A. McGreevey | 25) John D. Haffey |
| 26) Nicholas A. Fredericka | 26) John Does 1 -15 |
| 27) NorthWestern Corporation | 27) John Does 3-5 |
| 28) NorthWestern Corporation (third party only) | 28) John G. Connors |
| 29) NorthWestern Energy LLC | 29) John R. Jester |
| 30) NorthWestern Energy LLC (third party only) | 30) Kay Foster |
| 31) Oppenheim Investment Management, LLC | 31) Keith G. Baxter |
| 32) Otto Altschuler | 32) Kipp D. Orme |
| 33) Patrick Burton | 33) Kurt D. Whitesel |
| 34) Randy L. Mapes | 34) Larry F. Ness |
| 35) Richard C. Slump | 35) M. J. Meldahl |
| 36) Rosalie Burton | 36) Marilyn R. Seymann |

A(vii)-1

ATL/947162.11

37) Ross Buckingham

38) Samuel Christen, M.D.
**Plaintiffs contd...**
39) Sanford & Beatrice Golman Family Trust
40) Steven Szafara
41) Thomas G. Taylor
42) Torlief Pederson
43) Warren Bellcour

## Counsel

1) Alfred G. Yates, Jr.
2) Andrew D. Huppert

3) Brian J. Robbins
4) Charles J. Piven
5) Christopher T. Reyna
6) Curtis V. Trinko
7) Cynthia K. Smith
8) Dale L. McGarvey
9) Darren J. Robbins
10) David Lavine
11) David M. Duree
12) David R. Scott
13) Deborah R. Gross
14) Dennis J. Herman
15) Don C. St. Peter
16) Douglas A. Buxbaum

17) Frank B. Morrison, Jr.
18) Frederick W. Gerkens, III
19) Guri Ademi
20) James Caputo
21) James G. Stranch, III
22) Jeffrey M. Haber
23) Jeffrey M. Norton
24) Jeffrey P. Fink

25) John G. Emerson, Jr.
26) Joseph H. Weiss
27) Joseph R. Seidman, Jr.
28) Jules Brody
29) Kimberly A. Beatty

30) Kip B. Shuman

31) Leigh R. Lasky

37) Merle D. Lewis
38) Merrill Lynch Pierce Fenner & Smith, Inc.
**Defendents contd...**
39) Michael E. Zimmerman
40) Milbank Tweed Hadley & McCloy LLP
41) Montana Power Co.
42) Montana Power LLC
43) Morgan Stanley & Co., Inc.
44) Noble E. Vosburg
45) Northern Trust Corporation
46) NorthWestern Capital Financing I
47) NorthWestern Capital Financing II
48) NorthWestern Capital Financing III (NorthWestern Capital III)
49) NorthWestern Energy
50) Pamela K. Merrell
51) PanCanadian Petroleum Limited
52) PPL Montana LLC
53) Prudential Securities, Inc.
54) R. D. Corette
55) R. P. (Robert) Gannon
56) R. W. Cope
57) Randy G. Darcy
58) Richard G. Nye
59) Richard R. Hylland
60) Ronald J. Goedde
61) Salomon Smith Barney, Inc.
62) Touch America Holdings, Inc. (and third party)
63) Tucker Hart Adams
64) UBS Warburg LLC
65) Westmoreland Coal Co.
66) Westmoreland Mining LLC
67) William L. Woods
68) Wilmington Trust Company

## Firms

1) Ademi & O'Reilly, LLP
2) Andrew D. Huppert P.C.
3) Beers Law Offices
4) Bernstein Liebhard & Lifshitz, LLP
5) Branstetter, Kilgore, Stranch & Jennings
6) Browning, Kaleczyc, Berry & Hoven, P.C.

A(ii)-2

A1032

32) Lori G. Feldman

33) Michael A. Swick
34) Milton Datsopoulos
35) Norman Rifkind
36) Patrick J. Coughlin
**Counsel contd...**

37) Paul Geller
38) Paul J. Scarlato
39) Reed R. Kathrein
40) Richard E. Huffman
41) Robert I. Harwood
42) Roger M. Sullivan
43) Samuel H. Rudman
44) Stanley T. Kaleczyc
45) Steve W. Berman
46) Steven G. Schulman
47) Susan R. Gross

48) Tamara J. Driscoll

49) Thomas J. Beers
50) Thomas K. Wilka
51) Timothy J. Dougherty
52) Wade J. Dahood
53) William S. Lerach
54) Willow E. Radcliffe

7)  Buxbaum Dix & Daue
8)  Cauley, Geller, Bowman & Coates, LLP
9)  Datsopoulos, MacDonald & Lind, P.C.
10) David M. Duree & Associates, PC
11)
**Firms contd...**
12) DeMersseman, Jensen, Christianson, Stanton & Huffman, LLP
13) Dougherty & Dougherty, LLP
14) Dyer & Shuman, LLP
15) Hagans Berman
16) Hagen, Wilka & Archer, P.C.
17) Knight, Dahood, McLean & Everett
18) Lasky & Rifkind, Ltd.
19) Law Offices of Alfred G. Yates, Jr.
20) Law Offices of Bernard M. Gross, PC
21) Law Offices of Charles J. Piven
22) Law Offices of Curtis V. Trinko, LLP
23) McGarvey, Heberling, Sullivan & McGarvey, PC
24) Milberg Weiss Bershad Hynes & Lerach LLP
25) Morrison Law Offices, P.C.
26) Robbins Umeda & Fink, LLP
27) Scott & Scott, LLC
28) Smith Law Offices
29) Spector, Roseman & Kodroff, P.C.
30) St. Peter & Warren, P.C.
31) Stull, Stull & Brody
32) The Emerson Law Firm
33) Wechsler, Harwood, Halebian & Feffer LLP
34) Weinstein Kitchenoff Scarlato Karon & Goldman Ltd.
35) Weiss & Yourman

A(ii)-3

A1033

## EXHIBIT A(vii)

### Secured Lenders and Lienholders

1. Credit Suisse First Boston

2. Angelo Gordon & Co LP

3. Oaktree Capital Management, LLC

4. Travelers Investment Management Company (TIMCO)

5. United American Insurance Company

6. Fort Washington Investment Advisors, Inc.

7. Allianz of America, Inc.

8. Sun Life Assurance Company of Canada

9. SAFECO Asset Management, Inc.

10. Fort Washington Investment Advisors, Inc.

11. Nationwide Insurance Companies

12. Allstate Investment Management Company

13. Hedge funds custodied at Bear Stearns #

14. Travelers Investment Management Company (TIMCO)

15. American Express Asset Management (US)

16. John Hancock Advisers, Inc.

17. Fort Washington Investment Advisors, Inc.

18. Deerfield Capital

A(vii)-1

ATL/967162.11

A1034

**EXHIBIT A(viii)**

Significant Professional

1.  Alvarez & Marsal

2.  Barnes, Thornberg

3.  Beiging, Shapiro

4.  Boyce, Murphy, McDowell & Greenfield

5.  Bracewell & Patterson LLP

6.  Brown Law Firm, PC

7.  Browning, Kaleczyc, Berry & Hoven, P.C.

8.  Brownstein, Hyatt

9.  Buckingham, Doolittle & Burroughs, LLP

10. Christensen O'Connor Johnson Kindness PLLC

11. Cooley, Godward

12. Corette Pohlman & Kebe

13. Cozzens, Warren & Harris, PLLP

14. Crowley, Haughey, Hanson, Toole &
    Dietrich, PLLP

15. Davenport, Evans, Hurwit & Smith

16. Davis Wright Tremaine LLP

17. Ford & Harrison

18. G. Steven Brown

19. Garlington, Lohn & Robinson PLLP

A(viii)-1

A1035

20. Gough, Shanahan, Johnson & Waterman

21. Graves Law Office, P.C

22. Gray Cary Ware & Freidenrich LLP

23. Greenberg & Traurig

24. Gust Rosenfeld P.L.C.

25. Henningsen, Vucurovich & Richardson, PC

26. Holland & Hart LLP

27. Howrey, Simon, Arnold & White

28. Hughes, Kellner, Sullivan & Alke

29. Ice, Miller

30. Jackson Lewis Schnitzler & Krupman

31. Jaeckle (Indiana)

32. Leonard, Street & Deinard

33. McCarthy, Sweeney & Harkaway PC

34. McCutchen, Doyle, Brown & Enersen, LLP

35. McKinney, Stringer

36. Nymannn & Kohl

37. Pearce & Durick

38. Pillsbury Madison & Sutro LLP

39. Preston Gates Ellis LLP

40. Reed, Tarrant

41. Reinhart, Boerner

A(viii)-2

42. Richards, Layton & Finger

43. Robert L. Ayres

44. Schiff Hardin & Waite

45. Seward & Kissel LLP

46. Sidley, Austin

47. Skadden, Arps, Slate, Meagher & Flom LLP

48. Squire Sanders & Dempsey L.L.P.

49. St. Onge Steward Johnston & Reens LLC

50. Stacey, Walen & Funyak

51. Stinson, Mag & Fizzell

52. Swisher & Cohrt, P.L.C.

53. Thelen Reid & Priest LLP

54. Updike, Kelly

55. Wickliff & Hall

56. Woods, Fuller, Schultz & Smith P.C.

57. Deloitte & Touche

58. Gibson Dunn & Crutcher

59. PricewaterhouseCoopers International Limited

60. Deloitte & Touche

61. KPMG International

62. Gavin Anderson

63. J. Alix Partners